DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PAUL WRIGHT** and **VANUSA WRIGHT,**
Appellants,

v.

**DEUTSCHE BANK NATIONAL TRUST COMPANY,** as Trustee, on behalf of the **HOLDERS OF THE J.P. MORGAN MORTGAGE ACQUISITION TRUST 2007-CH5 ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-CH5, ESTATES OF STIRLING LAKE HOMEOWNERS ASSOCIATION, INC.,** and **FORD MOTOR CREDIT COMPANY LLC,** f/k/a **FORD MOTOR CREDIT COMPANY,**
Appellees.

No. 4D17-1773

[April 25, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Joel T. Lazarus, Senior Judge; L.T. Case No. CACE16-004084AXXXCE.

Jonathan Kline of Jonathan Kline, P.A., Weston, for appellants.

Allison Morat of Pearson Bitman LLP, Maitland, for appellee Deutsche Bank National Trust Company, as trustee.

PER CURIAM.

Mortgagors, husband and wife, appeal from a final summary judgment of foreclosure in favor of the appellee trust company. We affirm as to all issues raised and address two: whether summary judgment was improperly entered where an IRS form indicated that the appellee had forgiven part of the principal of the loan, thus decreasing the amount due; and whether the filing of the original loan modification agreement was a condition precedent to foreclosure. Neither raised material conflicting issues of fact to prevent foreclosure, and thus, the summary judgment was properly entered.

Appellants executed a mortgage and note in favor of the original lender. The mortgage and note were assigned to the appellee, and the parties

entered into a loan modification agreement. The modification agreement raised the principal balance owed on the note, and it treated $370,748.82 of the balance as non-interest bearing principal eligible for forgiveness, provided that the appellants did not "default on any new payments such that the equivalent of three full monthly payments [were] due and unpaid on the last day of any month . . . .". Appellants did not comply with the terms of the loan modification and failed to pay their monthly installments. After appellants defaulted on the note and mortgage, appellee sued to foreclose the mortgage and moved for summary judgment. Appellants opposed the motion, arguing that the amount due did not reflect the debt cancelled pursuant to the modification. Appellants submitted an IRS Form 1099-C, showing a cancellation of debt of $370,748.82 on behalf of the appellee's loan servicer to the appellant wife. After hearing, the court entered final summary judgment foreclosing on the mortgage.

Mortgagors argue that summary judgment was improper because the IRS Form 1099-C created a genuine issue of material fact as to the amount due and owing under the note. An entity must file a Form 1099-C with the IRS when it discharges a person's indebtedness. *See* 26 U.S.C. § 6050P.(a); 26 C.F.R. § 1.6050P-1(a)(1). There is a split of federal authority on whether the form is sufficient evidence of a discharge of debt. *See In re Rodriguez*, 555 B.R. 871, 875 (Bankr. S.D. Fla. 2016). The majority of courts have noted that the IRS Code requires a creditor to file a Form 1099-C to comply with IRS reporting requirements, even if an actual discharge of debt has not yet occurred. *See* 26 C.F.R. § 1.6050P-1(a)(1) (providing "a discharge of debt is deemed to have occurred . . . if and only if there is an identifiable event described in paragraph (b)(2) of this section . . . ."); *see F.D.I.C. v. Cashion*, 720 F.3d 169, 178-79 (4th Cir. 2013) (finding the IRS treats the form "as a means for satisfying a reporting obligation and not as an instrument effectuating a discharge of debt or preventing a creditor from seeking payment on a debt."). However, appellee did not seek a deficiency, and appellants' personal liability was not at issue. Thus, we need not decide whether the Form 1099-C created an issue of fact as to damages in this in rem foreclosure action. Moreover, the undisputed facts show that appellants did not comply with the provisions of the loan modification required to forgive the portion of deferred principal under the agreement.

Appellants also contend that the appellee was required to file the original loan modification agreement as a condition precedent to foreclosure. Pursuant to our recent decision, *Liukkonen v. Bayview Loan Servicing, LLC*, No. 4D16-4193, at *2 (Fla. 4th DCA Mar. 28, 2018), we conclude that the loan modification, not itself a negotiable instrument, was

2

admissible as a properly authenticated duplicate. The original is not required to be presented in order to secure a final judgment of foreclosure.

We therefore affirm.

WARNER, GROSS and LEVINE, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3